# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1964V
(not to be published)

| | |
|---|---|
| ALEXANDRA MORROW,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | Chief Special Master Corcoran<br><br>Filed: December 9, 2021<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Michael Avrim Firestone, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for Petitioner.*

*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 18, 2017, Alexandra Morrow filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine administered on January 24, 2017. (Petition at 1-4). On June 29, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 69).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated September 2, 2021 (ECF No. 73), requesting an award of $7,580.27 in fees and costs for attorney Michael A. Firestone. In addition, Petitioner requests the amount of $41,038.50 in fees and costs incurred by prior counsel, Martin Martinez. (*Id.* at 2). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (*Id.* at 73). Respondent reacted to the motion on September 15, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 74). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

A.  <u>Michael A. Firestone, Esq.</u>

Petitioner requests the following rates for attorney Michael A. Firestone: $311.12 for time billed in 2020, and $365 for time billed in 2021. (ECF No. 73 at 10). In addition, Petitioner requests compensation for associate attorney Megan Shiner at the rate of $200 for time billed in 2021. (*Id.*).

The rates for Mr. Firestone are reasonable, and consistent with what have previously been awarded for work he has performed for other petitioners, and are therefore awarded herein. The rate for Ms. Shiner does, however, require an adjustment. This is the first case requesting a rate for Ms. Shiner, but an affidavit in support of her rates was not included in Petitioner's motion. My own independent research, however, reveals that Ms. Shiner has been licensed for less than one year.[3] Although her requested rate is within the range of attorneys with less than four years' experience, it is on the higher end. For Ms. Shiner, I find the requested rate of $185 per hour for time billed in 2021 to be more appropriate.

I make no other adjustments to the total work performed on this matter. Application of this lower rate for Ms. Shiner reduces the total fees to be awarded only by **$6.00**.[4]

B.  <u>Martin Martinez, Esq.</u>

Petitioner requests rates for prior counsel, Martin Martinez, as follows: $440 per hour for 2017; $455 per hour for time billed in 2018; $464 per hour for time billed in 2019 and $484 per hour for time billed in 2020. These rates require adjustment.

*1.  Hourly Rates*

---

[3] https://apps.calbar.ca.gov/attorney/LicenseeSearch/QuickSearch?FreeText=Meghan+Lee+Shiner&SoundsLike=false

[4] This amount consists of $200 - $185 = $15 x 0.4 hrs = $6.00.

Mr. Martinez has previously been awarded the rate of $400 per hour for time billed 2017. *See Leonard v Sec'y of Health & Human Servs.,* No. 15-1135V, 2017 WL 7310151, (Fed. Cl. Spec. Mstr. Aug. 7, 2017). I agree with the previous special master in adopting this rate and award it herein. However, I must adjust the requested rates for 2018 - 2020 based on this earlier rate. For these subsequent years, I will award the following rates: $424 per hour for time billed in 2018; $440 per hour for time billed in 2019, and $464 per hour for time billed in 2020. This reduces the amount to be awarded for his work on the matter by **$2,557.40**.[5]

### 2. *Paralegal Tasks at Attorney Rates*

Fees to be awarded in this case must also be reduced to account for work billed for paralegal tasks. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.,* No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins,* 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.,* No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.,* 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.,* No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Martinez billed over 21 hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records, mailing and filing documents. Examples of these (which are not an exhaustive list) include the following:

- December 29, 2017 (0.50 hrs) "Marshalled records exhibits";

- December 29, 2017 (0.30 hrs) "Filed statemen of completion and 1st set of exhibits";

- April 4, 2018 (0.30 hrs) "Filed Affidavit";

- October 26, 2018 (0.50 hrs) "Served vista via acknowledgement of receipt with letter"; and

---

[5] This amount consists of ($440 - $400 = $40 x 13.40 hrs = $536.00) + ($455 - $425 = $30 x 36.10 hrs = $1,083.00) + ($464 - $440 = $24 x 34.10 hrs = $818.40) + ($484 - $460 = $24 x 5 hrs = $120) = $2,557.40.

- November 12, 2018 (2.50 hrs) "Prepared exhibits for filing."

(ECF No. 73 at 30 – 32).

I shall reduce Mr. Martinez's rate for these tasks to $145 per hour, which is comparable to what a paralegal would receive. This further reduces the awardable attorney fees by the additional sum of **$5,980.00**. [6]

## ATTORNEY COSTS

Petitioner requests $124.61 in costs incurred by attorney Michael Firestone, and $475.00 in costs incurred by attorney Martin Martinez. (ECF No. 73 at 2). These amounts are comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion, and award a total of **$40,075.37,** consisting of:

- $7,574.27 in fees and costs to be awarded to Michael A. Firestone, and

- $32,501.10 in fees and costs to be awarded to Martin J. Martinez.

This award shall be a lump sum in the form of a check jointly payable to Petitioner and Michael Firestone, MD, JD & Associates, LLP. Mr. Firestone will disperse funds incurred by Mr. Martinez appropriately. [7] In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision. [8]

---

[6] This amount consists of ($400 - $145 = $255 x 1.9 hrs = $484.50) + ($425 - $145 = $280 x 19.1 hrs = $5,348.00) + ($440 - $145 = $295 x 0.5 hrs = $147.50) = $5,980.00.

[7] Mr. Martinez passed away before this preceding was concluded. Mr. Firestone, with the agreement of Respondent's counsel, will facilitate funds awarded to Mr. Martinez's to his widow, Diana Dorame. (ECF No. 73 at 1).

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master